UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff | 4:21-cr-40106<br>4:22-cr-40018 |
| vs. | ORDER DENYING<br>MOTION FOR |
| JOSEPH KENNETH HENRY,<br>　　　　Defendant | SEVERANCE |

---

Pending before the Court are Defendant's objection in 4:21-cr-40106 to the Court's Order joining his two pending cases for trial, and his motion to sever them. (Doc. 100). The Government has responded. (Doc. 104). The Defendant repeats the objection and motion for severance in 4:22-cr-40018. (Doc. 62). The Government has responded. (Doc. 66).

The Court notes that in its discussion it has used the numbers of the docket entries for 4:21-cr-40106 because that was the earlier case charged. Where appropriate, reference also is made to the numbers of the docket entries for 4:22-cr-40018.

**BACKGROUND**

Defendant was indicted on charges alleging he was a felon in possession of a

1

firearm and an unlawful user of a controlled substance in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(3), and 924(a)(2). (Doc. 1). Initially, he was detained. (Doc. 6). His motion for furlough to attend in-patient treatment at Glory House was granted. (Doc. 22). Approximately two months later, his conditions of release were modified to permit him to attend treatment at Washed Clean Ministries. (Doc. 33). Subsequently, the Government alleged that Defendant had been unsuccessfully discharged from Glory House and was not in residence at Washed Clean Ministries, (Doc. 35), resulting in the revocation of his release. (Doc. 40). Defendant was indicted in 4:22-cr-40018 as a result and was appointed new Counsel. Later, Counsel requested an inquiry into Defendant's competency, which was granted, resulting in an Order for hospitalization. (Doc. 77). Following a hearing on June 26, 2024, the Court determined that Defendant is competent to stand trial in both 4:21-cr-40106 and 4:22-cr-40018. (Doc. 89).

The Court has scheduled trial to encompass both indictments. The Defendant has moved to sever, arguing that joinder will create unfair prejudice. (Doc. 100). The Government has responded that joinder is proper, particularly because the evidence of alleged escape will be used to establish consciousness of guilt of the firearms possession charges. (Doc. 104).

## LEGAL STANDARD

F. R. Crim. P. 8(a) provides in pertinent part that joinder of offenses is permitted if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. Pro. 8. The Eighth Circuit has addressed the limits of joinder in many cases. In *United States v. Taken Alive*, the court stated that Rule 8(a) must be "broadly construed in favor of joinder to promote the efficient administration of justice." 513 F.3d 899, 902 (8th Cir. 2008). A case must be "unusual" for "the prejudice resulting from a joint trial [to] be substantial enough to outweigh the general efficiency of joinder." *United States v. Huggans*, 650 F.3d 1210, 1221 (8th Cir. 2011).

As the court made clear in *United States v. Brown,* "a defendant cannot show prejudice when evidence of the joined offense would be properly admissible in a separate trial for the other crime." 653 F.3d 656, 662 (8th Cir. 2011) (quoting *United States v. Erickson,* 610 F.3d 1049, 1055 (8th Cir. 2010)). Accord *United States v. Geddes*, 844 F.3d 983, 988 (8th Cir. 2017); *United States v. Wilkins,* 742 F.3d 354, 358 (8th Cir. 2014). The type of prejudice the court deems relevant is "severe prejudice" which can result when a defendant "is deprived of an appreciable chance for an acquittal." *United States v. Reynolds*, 720 F. 3d 665, 669 (8th Cir. 2013) (quoting *Brown*, 653 F.3d at 662). As the *Geddes* court noted,

3

where a case did not present "a multitude of different defendants and charges," there was no prejudice to a defendant because of "little possibility the jury was confused over which evidence related to which count." *Geddes*, 844 F.3d at 989. See also *United States v. Earth*, 2020 WL 6784218, *2 (D. Neb. Nov. 18, 2020) (joining assault charges with escape charge following arrest for assault because the evidence would overlap).

## ANALYSIS

Defendant has moved for severance, arguing joinder of the charges in the two cases pending against him would create unfair prejudice before the jury. He argues the elements of the two offenses are not the same and the evidence would not overlap. (Doc. 100, PgID 319-20). The Government has stated its intent to use the evidence of escape to assist in establishing consciousness of guilt of the firearms charges. (Doc. 104, PgID 327). In that case, the evidence would overlap. By the same token, in a separate prosecution for the escape, it is likely the Government would seek to establish that the basis for Defendant's residing in Glory House or Washed Clean Ministries was the pendency of the firearms charges, meaning that once again, the evidence would overlap. The Court does not foresee jury confusion given that there is only one defendant who does not face numerous charges. Based on these factors, the Court disagrees that joinder would

create unfair prejudice, and denies the motion for severance in 4:21-cr-40106, (Doc. 100), and the motion for severance in 4:22-cr-40018, (Doc. 62).

Accordingly, IT IS ORDERED that Defendant's motions for severance, (4:21-cr-40106, Doc. 100; and 4:22-cr-40018, Doc. 62), are denied.

Dated this 23rd day of October, 2024.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*[signature]*

5