UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br>vs.<br><br>JOSEPH KENNETH HENRY,<br><br>                 Defendant. | 4:21-CR-40106<br>4:22-CR-40018<br><br>AMENDED ORDER |

Pending before the Court is the Government's Supplemental Motions in Limine (Doc. 113). For the following reasons, the Court grants in part and reserves its ruling in part.

1. **The Government's motion to preclude Defendant from raising the affirmative defense of insanity.**

   Rule 12.2 of the Federal Rules of Criminal Procedure state that:

   A defendant who intends to assert a defense of insanity at the time of the alleged offense must so notify an attorney for the government in writing within the time provided for filing a pretrial motion, or at any later time the court sets, and file a copy of the notice with the clerk. A defendant who fails to do so cannot rely on an insanity defense. The court may, for good cause, allow the defendant to file the notice late.

Fed. R. Crim. Pro. 12.2. It is well settled in the Eighth Circuit that a defendant is entitled to an instruction on his theory of the case if there is evidence to support it and a proper request has been entered. *United States v. Long Crow*, 37 F.3d 1319, 1323 (8th Cir. 1994) citing *United States v. Bartlett*, 856 F.2d 1071, 1082 (8th

Cir.1988) (emphasis added). Insanity is a recognized affirmative defense to a federal charge. 18 U.S.C. § 17. To succeed on such a defense, a defendant must prove, by clear and convincing evidence: "(1) that he was suffering from a severe mental disease or defect at the time [of] the charged offenses and (2) that his disease or defect rendered him unable to appreciate the nature and quality or the wrongfulness of his acts." *United States v. Hiebert,* 30 F.3d 1005, 1007 (8th Cir.1994); *Long Crow*, 37 F.3d at 1323 (citing *United States v. Byrd*, 834 F. 2d 145 (8th Cir. 1987)).

In the present case, the Court has already determined that Mr. Henry is competent based on the medical expert evidence available (Doc. 89), and Defendant has given no indication of alternate expert evidence which would contravene that finding. Moreover, of the time of this order, Defendant still has not formally made any insanity assertion, nor shown good cause to allow it to file the notice late. Jury trial is scheduled to commence at 9:00 a.m. on November 5, 2024. It is the finding of this Court that Defendant has waived the affirmative defense of insanity and is not entitled to a jury instruction on this matter. Therefore, the Government's motion in limine to preclude Defendant from raising the defense of insanity is granted.

**2. Government's motion to restrict Defendant's testimony to question and answer format.**

In the event that Mr. Henry testifies, the Government requests that this Court limit his testimony to question-and-answer format and not allow Defendant to testify in narrative format. This motion is pre-mature. If any issue regarding Defendant's

testimony comes up at trial, the Court will reserve ruling on any motions or objections until then.

Accordingly, IT IS ORDERED that:

1. The Government's motion to preclude Defendant from raising the defense of insanity is granted.

Dated this __4th__ day of November, 2024.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge